UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
DEC - 5 2007
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, § § Plaintiff, § § v. § § GEORGE KEITH WATKINS, § § Defendant. § § § § | No. SA:07-CR-00477(1)-WRF |

## ORDER GRANTING MOTION TO CHANGE VENUE

BEFORE THE COURT are Defendant George Keith Watkins' Motion to Change Venue (Docket No. 16), filed September 20, 2007, and Defendant's Supplemental Motion to Change Venue (Docket No. 18), filed October 1, 2007; the Government's Response (Docket No. 19), filed October 1, 2007; and Defendant's Reply (Docket No. 21), filed October 16, 2007. The parties appeared before the Court for a hearing on this matter on November 14, 2007. Pursuant to the hearing, Defendant's counsel faxed Defendant's latest medical records to the Court on November 26, 2007. After considering the briefing in this case, the arguments presented at the hearing, and Defendant's current and past medical records included in the record, the Court believes Defendant's medical condition is severe and his ability to travel is limited. Therefore, the Court is of the opinion Defendant's Motion to Change Venue should be GRANTED.

Defendant seeks the Court to transfer the case to the Eastern District of Arkansas.

Under Federal Rule of Criminal Procedure 21(b), the Court has discretion to change venue for the convenience of Defendant. Rule 21, entitled "Transfer for Trial" governs the transfer of a case to another district for the convenience of the parties. Rule 21(b) provides:

> (b) For Convenience. Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice.[1]

"Rule 21(b) has always been potentially useful, as a check against the prosecution's power to choose an inconvenient forum in cases where several districts would be proper."[2]

In determining whether or not the convenience of one or more parties warrants a transfer under Rule 21(b), the Court looks to the factors set out in *Platt v. Minnesota Mining & Mfg. Co.*[3] The *Platt* factors include: 1) location of the defendant; 2) location of possible witnesses; 3) location of events likely to be in issue; 4) location of documents and records likely to be involved; 5) disruption of the defendant's business unless the case is transferred; 6) expense to the parties; 7) location of counsel; 8) relative accessibility of place of trial; 9) docket condition of each district or division involved; and 10) and other special elements which might affect the transfer.[4]

In applying the *Platt* factors to the instant case, the Court notes the following are located in the Eastern District of Arkansas: Defendant, Defendant's counsel, many of the

---

[1] Fed. R. Crim. P. 21(b).

[2] Wright & Miller, Federal Practice and Procedure § 341 (3d ed. 2000).

[3] 376 U.S. 240, 243-244 (1962).

[4] *Id.*

potential witnesses, and the computers allegedly used by Defendant to commit the offense. Furthermore, the Court emphasizes that "special elements" under the *Pratt* analysis warrant transferring the case. Defendant has provided medical records that indicate Defendant suffers from several medical conditions. In a letter dated September 20, 2007, one of Defendant's doctors states the following about Defendant:

> He has significant pathology of his lumbar spine. He is a candidate for spinal intervention. He has complications from stroke and a total hip and other comorbidities that severely restrict his ability to participate in activities of daily living. He is currently under my care and is scheduled for injection for treatment of increasing back, hip, and leg pain. It is probably not in his best interest to travel out of town or out of state for the time being.[5]

In a more recent letter, dated November 16, 2007, Defendant's neurologist states:

> [Defendant] has multiple medical problems which would make it very difficult for him to travel this long distance including avascular necrosis of the hips. He is status post a hip replacement with a secondary Staph infection and is in chronic pain.
>
> From a neurology standpoint, any consideration that the legal system could give him regarding not traveling from Paragould, Arkansas to San Antonio would be appreciated by his neurologist.[6]

After reviewing Defendant's medical records and letters from various doctors, as well as the arguments presented by counsel at the hearing, it appears to the Court Defendant has a severe medical condition and is in chronic pain. Therefore, the Court believes transferring the case to the Eastern District of Arkansas is appropriate.

---

[5] Def.'s Supp. Mot. to Change Venue, Docket No. 18 at 3.

[6] Gov.'s Advisory to the Court, Exh. A.

R:\Melonie\Criminal\US v. Watkins\Order re Motion to Change Venue.wpd - Page 3

While the Court understands the Government's arguments that there are potential witnesses located in San Antonio and there is a law enforcement interest in keeping the case, the Court believes the *Platt* factors–especially the medical problems suffered by Defendant–weigh in favor of transferring the case. Moreover, the Court is not persuaded by the Government's concern about pre-trial publicity in the Eastern District of Arkansas. In sum, after analyzing the evidence under the *Platt* factors, the Court believes transfer is appropriate. Accordingly, the Court GRANTS Defendant's Motion to Change Venue (Docket No. 16).

Furthermore, the Court DENIES AS MOOT Defendant's Supplemental Motion to Change Venue (Docket No. 18). While this document was filed as a supplemental motion, it does not include a prayer for relief, and instead, is explained as a letter incorporated into the original Motion to Change Venue. Thus, the Court views it as a supplemental attachment to Defendant's original Motion to Change Venue.

It is so ORDERED.

Signed this 5th day of December, 2007.

*Royal Furgeson*
ROYAL FURGESON
UNITED STATES DISTRICT JUDGE